# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MELVIN SHELTON**
          **Petitioner,**

      **v.**                                          **Case No. 10-C-0269**

**JOHN HUSZ**
               **Respondent.**

---

## ORDER

On March 29, 2010, Melvin Shelton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 16, 2010, I dismissed his petition on the ground that the only colorable federal claim raised in the petition was that the state courts failed to exclude evidence obtained in violation of the Fourth Amendment – a claim that is not cognizable on federal habeas review. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). On April 28, 2010, petitioner filed a motion for reconsideration, which I consider below.

A motion to reconsider may be brought pursuant to Fed. R. Civ. P. 59(e) or 60(b). The key factor in determining whether a motion is cognizable under 59(e) or 60(b) is timing. Britton v. Swift Transp. Co., 127 F.3d 616, 618 (7th Cir. 1997). A motion filed within 28 days of the entry of judgment is considered under Rule 59 and one filed after such time is considered under Rule 60. Id. In the present case, petitioner's motion was filed within 28 days of the entry of judgment; thus, I consider it under Rule 59(e).

Rule 59(e) allows the court to alter or amend a judgment if (1) the movant can demonstrate a manifest error of law or fact, (2) the movant presents newly discovered and previously unavailable evidence, (3) reconsideration is necessary to prevent manifest

injustice, or (4) an intervening change in the law undermines the validity of the judgment. 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1, at 125-27 (1995); see also Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures."). A Rule 59(e) motion may not be used to re-litigate old issues or to present evidence or argument that could have been submitted previously. 11 Wright et al., supra, at 127-28.

In the present case, petitioner's motion for reconsideration is mostly unintelligible. However, it appears that he takes issue with my characterization of his petition as asserting a claim for relief based on the Fourth Amendment. Apparently, he did not intend to assert a Fourth Amendment claim. Even if this is so, however, it does not change the fact that the petition contains no viable federal claim. Petitioner alleged in his petition that he is entitled to habeas relief because the clerk of the state trial court could not find a copy of a warrant in the file for his criminal case. This allegation does not give rise to any viable federal claim, no matter how liberally the petition is construed. I already allowed petitioner one opportunity to elaborate on his claim and show that it has potential merit, but petitioner was unable to do so. In his motion for reconsideration, petitioner again fails to demonstrate that the petition presents a viable claim. Therefore, his motion for reconsideration will be denied.

**THEREFORE, IT IS ORDERED** that the petitioner's motion for reconsideration is **DENIED**.

2

Dated at Milwaukee, Wisconsin, this 7 day of May, 2010.


/s_____
LYNN ADELMAN
District Judge

3